UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMBER SINGH,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No. 1:26-cv-00484-DAD-CSK<br><br>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS, DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT, AND DENYING RESPONDENT'S MOTION TO DISMISS<br><br>(Doc. Nos. 1, 2, 7) |

On January 20, 2026, petitioner Lamber Singh filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release and an order enjoining respondents from re-detaining him without first providing a pre-detention hearing before a neutral adjudicator where respondents would bear the burden to demonstrate that he is a danger to the community or a flight risk. (Doc. No. 2.) On January 21, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in

this court's recent decisions in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), where the court concluded that due process required a pre-detention hearing to protect the petitioner's liberty interest in his continued release, and *O.A.C.S. v. Wofford*, No. 1:25-cv-01652-DAD-CSK (HC), 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025), in which the court concluded that previously releasing the petitioner on his own recognizance created a reliance interest such that the petitioner was entitled to the due process available under 8 U.S.C. § 1226(a).

On January 23, 2026, respondents filed an opposition to the motion for a temporary restraining order and a motion to dismiss the petition. (Doc. No. 7.) Respondents concede therein that "this matter does not contain legal or factual issues distinct from the Court's previous opinions and is not substantively distinguishable." (Doc. No. 7 at 2.) Respondents also state that they do not oppose converting the motion for temporary restraining order to a motion for preliminary injunction. (*Id.*) Moreover, respondents "submit that the Federal Rules of Civil Procedure allow (and respectfully suggest that interests of judicial economy weigh in favor of) the Court's consideration and entry [sic] a final judgment on both Petitioner's habeas petition and injunctive relief at the same time." (*Id.*) Regarding their motion to dismiss, respondents have not advanced any arguments as to why petitioner's petition should be dismissed, nor do respondents request dismissal of the pending petition in the body of their motion. (*Id.*) Accordingly, the court will deny respondents' unsupported motion to dismiss.

In support of his petition for writ of habeas corpus and motion for a temporary restraining order, petitioner presents evidence of the following.

Petitioner entered the United States on November 14, 2024. (Doc. No. 2-1 at 8.) That same day, petitioner was apprehended by immigration officials and charged via Notice to Appear as removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). (*Id.*) Petitioner alleges he was then released pursuant to 8 U.S.C. § 1226(a), that he does not have any criminal history, and that he has complied with all immigration directives and requirements. (Doc. No. 1 at 13–14.) Petitioner states he was re-detained by respondents when he reported to ICE as required. (Doc. No. 2 at 6.)

/////

Because respondents have conceded that this case is not substantively distinct from the situations addressed in this court's prior order in *Ayala Cajina* and *O.A.C.S.*, the court incorporates and adopts the reasoning set forth in those orders and finds that petitioner's continued detention violates due process.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondents are ORDERED to immediately release petitioner from respondents' custody with the same conditions he was subject to immediately prior to his most recent detention;

   b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating that petitioner is a danger to the community or a flight risk;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order;

3. Respondents' motion to dismiss the petition (Doc. No. 7) is DENIED;

4. The Clerk of the Court is directed to ENTER judgment in favor of petitioner; and

5. The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:   **January 26, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3